IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on April 29, 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL NO. 05-303 |
| | : | Grand Jury Original |
| v. | : | VIOLATIONS: |
| | : | Bank Fraud (18 U.S.C. §1344) |
| WILLIAM K. SHANKLIN, III, (AKA WILLIAM K. SHANKLIN) | : | Causing an Act to be Done (18 U.S.C. § 2) |
| WALTON, J. RBW | : | First Degree Theft (D.C. Code §§ 3211 & 3212(a)) |
| B Defendant. | : | |

FILED IN OPEN COURT

AUG 10 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

INDICTMENT

The Grand Jury Charges that:

COUNTS ONE AND TWO
(Bank Fraud)

INTRODUCTORY ALLEGATIONS

At times material herein:

1. Defendant WILLIAM K. SHANKLIN, III, hereinafter referred to as "WILLIAM K. SHANKLIN, III, or "SHANKLIN," was a resident of the District of Columbia who was licensed by the National Association of Securities Dealers as a registered representative (i.e., securities broker).

2. American Express Financial Advisors, hereinafter referred to as "American Express," was a broker dealer registered with the National Association of Securities Dealers. At all times relevant

to the indictment, American Express was headquartered in Minneapolis, Minnesota and had a branch office in Bethesda, Maryland. During in or about November 1998 through on or about July 14, 2000, American Express engaged defendant WILLIAM K. SHANKLIN, III, to serve as a registered representative and securities broker at its offices in Bethesda, Maryland.

3. American Express did not authorize defendant WILLIAM K. SHANKLIN, III, to negotiate, endorse or deposit checks made payable to American Express or American Express Financial Advisors. American Express required defendant WILLIAM K. SHANKLIN, III, to forward said checks to American Express.

4. As a licensed registered representative and securities broker, defendant WILLIAM K. SHANKLIN, III, owed fiduciary duties of trust and loyalty to his customers. Defendant WILLIAM K. SHANKLIN, III's fiduciary duties to his customers included among others: the duty to deal with his customers fairly and honestly; the duty not to act contrary to the interests of his customers; the duty not to convert his customer's funds to his own benefit; the duty not to commingle customer funds with his own personal funds; and the duty to follow customer instructions concerning the disposition of funds entrusted to his care.

5. As a licensed registered representative, securities broker and an independent contractor of American Express, defendant WILLIAM K. SHANKLIN, III, owed fiduciary and other duties of trust and loyalty to his employer American Express. These duties included among others: the duty not to commingle funds provided by customers of American Express for deposit into an American Express account with his own personal funds; the duty not to deposit checks made to the order of American Express or American Express Financial Advisors into his personal bank account; and the duty not to convert to his own benefit the funds of customers of American Express.

6. Citibank, FSB ("Citibank"), was a financial institution as defined by 18 U.S.C. § 20, the deposits of which were insured by the Federal Deposit Insurance Corporation (the "FDIC").

7. Defendant WILLIAM K. SHANKLIN, III, maintained and used a checking account at Citibank in his name. Defendant WILLIAM K. SHANKLIN, III, periodically deposited funds to this Citibank checking account and utilized the account to pay personal expenses.

8. Individuals known to the grand jury are referred to below by their initials as follows: JBH, CR, BT, and LH.

9. In or about January 1999, Maryland resident JBH established an account at American Express and became a client and customer of defendant WILLIAM K. SHANKLIN, III. Defendant WILLIAM K. SHANKLIN, III, owed the fiduciary duties of loyalty and trust discussed above to his client and customer JBH.

10. In or about August 1999, District of Columbia resident CR established an account at American Express and became a client and customer of defendant WILLIAM K. SHANKLIN, III. Defendant WILLIAM K. SHANKLIN, III, owed the fiduciary duties of loyalty and trust discussed above to his client and customer CR.

11. In or about October 1999, District of Columbia resident LH established an account at American Express and became a client and customer of defendant WILLIAM K. SHANKLIN, III. Defendant WILLIAM K. SHANKLIN, III, owed the fiduciary duties of loyalty and trust discussed above to his client and customer LH.

12. In or about March 2000, Virginia resident B.T. established an account at American Express and became a client and customer of defendant WILLIAM K. SHANKLIN, III. Defendant

WILLIAM K. SHANKLIN, III, owed the fiduciary duties of loyalty and trust discussed above to his client and customer BT.

THE SCHEME TO DEFRAUD

13. From on or about July 21, 1999 through in or about at least January 5, 2001, in the District of Columbia and elsewhere, defendant WILLIAM K. SHANKLIN, III, did knowingly execute and attempt to execute a scheme and artifice to defraud Citibank and to obtain monies, funds, and credits under the custody and control of Citibank by means of materially false and fraudulent pretenses, representations and promises.

PURPOSE OF THE SCHEME

14. It was a purpose of the scheme and artifice that the defendant WILLIAM K. SHANKLIN, III, would and did enrich himself by fraudulently converting the funds of his investment customers to his own benefit and fraudulently obtaining monies, funds and credits under the custody and control of Citibank.

MANNER AND MEANS OF THE SCHEME

15. It was part of the scheme and artifice that defendant WILLIAM K. SHANKLIN, III, under the false pretense of soliciting and accepting funds from customers on behalf of American Express for deposit into said customers' investor accounts at American Express, did induce customers to entrust him with checks for deposit into their American Express investment accounts.

16. It was further part of the scheme and artifice that defendant WILLIAM K. SHANKLIN, III, in violation of his fiduciary duties to his customers and American Express, did deposit and cause to be deposited into his personal bank account at Citibank customer checks made payable to

"American Express" and American Express Financial Advisors, hereinafter referred to as "customer checks."

17. It was further part of the scheme and artifice that defendant WILLIAM K. SHANKLIN, III, upon depositing and causing the deposit of customer checks into his personal account, did convert those customer funds to his own benefit and fraudulently commingle customer funds with his own personal funds in violation of customer instructions and the fiduciary duties he owed to his customers and American Express.

18. It was further part of the scheme and artifice that by depositing and causing the deposit of customer checks into his personal account at Citibank with the endorsement "for deposit only," defendant WILLIAM K. SHANKLIN, III, did falsely and fraudulently represent, and did utilize the false pretense that he had authority to negotiate, endorse and deposit the customer checks into his Citibank personal account when in truth and in fact defendant WILLIAM K. SHANKLIN, III, well knew this was not true.

19. It was further part of the scheme and artifice that defendant WILLIAM K. SHANKLIN, III, intentionally did not include his signature or name in the endorsement section of the customer checks he deposited and caused to be deposited into his personal Citibank account in order fraudulently to conceal the fact that the endorsement was made by a person other than the payee listed on the front of the checks and to conceal his lack of authority to negotiate, endorse or deposit said checks.

20. It was further part of the scheme and artifice that defendant WILLIAM K. SHANKLIN, III, in order to conceal the scheme and lull a victim into a false sense of security, did falsely represent

to a customer that said customer's funds were being properly maintained by and at American Express, and that said customer's funds had appreciated significantly in value.

21. It was further part of the scheme and artifice that in order to conceal the scheme and to lull a customer into a false sense of security, defendant WILLIAM K. SHANKLIN, III, urged a customer not to request withdrawal of her funds and did falsely represent that she should keep the funds in her account so that the funds could continue to grow in value when in truth and in fact defendant WILLIAM K. SHANKLIN, III, well knew that he had previously unlawfully converted said funds to his personal benefit, that said funds were not contained in an American Express account in the name of the customer, and that said funds were not growing in value.

22. It was further part of the scheme and artifice that defendant WILLIAM K. SHANKLIN, III, in order to conceal his scheme and lull a customer into a false sense of security, did falsely represent to the customer that she would receive a check from American Express in the amount of her original investment plus substantial appreciation, when in truth and in fact defendant SHANKLIN well knew that American Express never had custody of the customer's funds and that no appreciation had been earned on said funds.

EXECUTION OF THE SCHEME

23. On or about the following dates, in the District of Columbia and elsewhere, defendant WILLIAM K. SHANKLIN, III, did knowingly execute and attempt to execute the aforesaid scheme and artifice to defraud Citibank and to obtain monies, funds and credits under the custody and

control of Citibank by means of materially false and fraudulent pretenses, representations and promises, by causing the following transactions for each count listed below:

| Count | Date (Approx.) | Type of Transaction |
|---|---|---|
| 1 | 8/12/1999 | Deposit of check number 1910 from customer JBH dated July 21, 1999, and made payable to American Express in the amount of $10,000 with the endorsement "for deposit only" into defendant WILLIAM K. SHANKLIN, III's, personal account at Citibank. |
| 2 | 2/15/2000 | Deposit of check from customer CR dated February 2000, and made payable to American Express Finanical Advisors in the amount of $5,000 with the endorsement "for deposit only" into defendant WILLIAM K. SHANKLIN, III's, personal account at Citibank. |

**(Bank Fraud in violation of Title 18, United States Code, Sections 1344 and 2 (causing an act to be done))**

COUNT 3
**(First Degree Theft)**

24. The Grand Jury re-alleges all of the allegations contained in paragraphs 1 through 22 of this Indictment as if fully set forth herein.

25. On or about August 12, 1999, within the District of Columbia and elsewhere, defendant WILLIAM K. SHANKLIN, III, wrongfully obtained and used property of a value of more than $250, belonging to JBH, consisting of proceeds of check number 1910 written by JBH in the amount of $10,000, with the intent to appropriate the property to defendant WILLIAM K. SHANKLIN, III's own use and to deprive JBH of a right to and benefit of the property.

**(First Degree Theft, in violation of 22 D.C. Code, Sections 3211 and 3212(a))**

**COUNT 4**
**(First Degree Theft)**

26. The Grand Jury re-alleges all of the allegations contained in paragraphs 1 through 22 of this Indictment as if fully set forth herein.

27. On or about February 15, 2000, within the District of Columbia and elsewhere, defendant WILLIAM K. SHANKLIN, III, wrongfully obtained and used property of a value of more than $250, belonging to CR, consisting of the proceeds of check number 2461 written by CR in the amount $5,000, with the intent to appropriate the property to defendant WILLIAM K. SHANKLIN, III's own use and to deprive CR of a right to and benefit of the property.

**(First Degree Theft, in violation of 22 D.C. Code, Sections 3211 and 3212(a))**

**COUNT 5**
**(First Degree Theft)**

28. The Grand Jury re-alleges all of the allegations contained in paragraphs 1 through 22 of this Indictment as if fully set forth herein.

29. In or about March 2000, within the District of Columbia and elsewhere, defendant WILLIAM K. SHANKLIN, III, wrongfully obtained and used property of a value of more than $250, belonging to BT, consisting of proceeds from check number 1018 in the amount $20,000 written by BT, with the intent to appropriate the property to defendant WILLIAM K. SHANKLIN, III's own use and to deprive BT of a right to and benefit of the property.

**(First Degree Theft, in violation of 22 D.C. Code, Sections 3211 and 3212(a))**

**COUNT 6**
**(First Degree Theft)**

INTRODUCTORY ALLEGATIONS

30. The Grand Jury re-alleges all of the allegations contained in paragraphs 1 through 22 of the Introduction of this Indictment as if fully set forth herein.

31. On or about December 15, 1999, LH entrusted WILLIAM K. SHANKLIN, III, as her broker with check number 1353 paid to the order of Kevin Shanklin in the amount of $1,200, and instructed defendant WILLIAM K. SHANKLIN, III, to deposit $1,200 into her American Express account for investment.

32. During in or about December 1999, defendant WILLIAM K. SHANKLIN, III, in violation of his fiduciary duties to his customer LH and without authorization, converted proceeds of check number 1353 in the amount of $1,200 to his own benefit. Defendant WILLIAM K. SHANKLIN, III, violated the instructions of his customer LH relating to the disposition of funds from check number 1353 by not depositing $1,200 into LH's American Express account.

33. On or about Junee 6, 2000, LH entrusted WILLIAM K. SHANKLIN, III, as her broker with check number 1434 paid to the order of Kevin Shanklin in the amount of $2,000, and instructed defendant WILLIAM K. SHANKLIN, III, to deposit $2,000 into her American Express account for investment.

34. On or about June 7, 2000, defendant WILLIAM K. SHANKLIN, III, deposited or caused the deposit of LH check number 1434 into his personal account at Citibank. Said deposit was made at a branch of Citibank located within the District of Columbia.

35. During in or about June 2000, defendant WILLIAM K. SHANKLIN, III, in violation of his fiduciary duties to his customer LH and American Express and without authorization, converted proceeds of check number 1434 in the amount of $2,000 to his own benefit. Defendant WILLIAM K. SHANKLIN, III, violated the instructions of his customer LH relating to the disposition of funds from check number 1434 by not depositing $2,000 into LH's American Express account.

APPROPRIATION

36. In or about June 2000, within the District of Columbia and elsewhere, defendant WILLIAM K. SHANKLIN, III, wrongfully obtained and used property of a value of more than $250, belonging to LH, consisting of proceeds from check number 1434 in the amount $2,000, with the intent to appropriate the property to defendant WILLIAM K. SHANKLIN, III's own use and to deprive LH of a right to and benefit of the property.

**(First Degree Theft, in violation of 22 D.C. Code, Sections 3211 and 3212(a))**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES
AND FOR THE DISTRICT OF COLUMBIA

Kenneth L Wainstein by TE Zeno