**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.: 05-303 (RBW)** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM K. SHANKLIN, III** | : | |
| **(AKA WILLIAM K. SHANKLIN)** | : | |
| | : | |

**GOVERNMENT'S UNOPPOSED MOTION TO AMEND SUPERSEDING
INDICTMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT
THEREOF**

The United States, through its attorney, the United States Attorney for the District of

Columbia, respectfully moves to amend the Superseding Indictment returned against the defendant

William K. Shanklin, III, to correct the following typographical and clerical errors: an incorrect

statutory citation for the First Degree Theft violations pled in Counts Three, Four, Five and Six of

the Superseding Indictment. Counsel for defendant Shanklin has been contacted, and does not

oppose the Government's Motion to Amend the Superseding Indictment.

**Introduction**

On August 10, 2005, the Grand Jury returned a Superseding Indictment against the defendant

charging the defendant with two counts of Bank Fraud in violation of 18 U.S.C. § 1344 and four

counts of First Degree Theft in violation of 22 D.C. Code §§ 3211 and 3212(a). The First Degree

Theft violations charged in Counts Three, Four, Five and Six all occurred prior to December 31,

2000. Effective December 31, 2000, the D.C. Criminal Code was amended to change the statutory

code citation for First Degree Theft from 22 D.C. Code §§ 3811 and 3812(a) to 22 D.C. Code §§

3211 and 3212(a). The text of the relevant statutory sections did not otherwise change. Because

defendant's First Degree Theft violations occurred before December 31, 2000, the proper code

citation for these violations is 22 D.C. Code §§ 3811 and 3812(a).  Accordingly, the United States

moves to amend the Superseding Indictment to correct the code citation for First Degree Theft in the

Superseding Indictment to 22 D.C. Code §§ 3811 and 3812 in the following portions of the

Superseding Indictment:  the caption of the Indictment, following paragraph 25 of the Indictment on

page 7, following paragraph 27 of the Indictment on page 8, following paragraph 29 of the

Indictment on page 8, and following paragraph 36 of the Indictment on page 10.

Despite the incorrect code citation for First Degree Theft which appears in various portions

of the Superseding Indictment, the charging language of Counts Three, Four, Five and Six of the

Superseding Indictment tracks the language of 22 D.C. Code §§ 3811 and 3812(a), the counts are

titled First Degree Theft, and the relevant paragraphs of the Superseding Indictment provided

Defendant with adequate notice of the charges lodged against him.  Therefore, amendment of the

Superseding Indictment to correct these minor clerical and typographical errors is permissible and

appropriate.  The government respectfully requests that the Superseding Indictment be amended to

correct the D.C. Code citation for First Degree Theft to 22 D.C. Code §§ 3811 and 3812(a).

### Discussion

The modern rule in the federal courts is that an indictment may be amended by the Court

provided that the amendment is not substantial, is sufficiently definite and certain, the accused is not

taken by surprise, and any evidence a defendant had before the amendment would be equally

available to him after the amendment.  United States v. Kegler, 724 F.2d 190 (D.C. Cir. 1984);

United States v. Bush, 659 F.2d 163 (D.C. Cir. 1981)(citing numerous precedents allowing

amendment of indictments).  It is proper to amend an indictment to correct the statutory citation for

a violation as long as the error did not mislead the defendant as to the charges against him.  United

States v. Lim, 984 F.2d 331, 336 (9th Cir. 1993), cert. denied, 508 U.S. 965 (1993).  The Superceding

Indictment provided defendant with proper notice of the violations for which he was being charged.

In addition, the Government's proposed amendment is not substantial and does not change the

offense charged against the defendant or the evidence available to him.  Nor can the defendant argue

that he will be taken by surprise.  Accordingly, the Government respectfully requests that its motion

be granted and that the Court sign the attached Order to amend the Superseding Indictment to correct

the code citation for First Degree Theft in the Superseding Indictment to 22 D.C. Code §§ 3811 and

3812(a) in the following portions of the Superseding Indictment: the caption of the Indictment,

following paragraph 25 of the Indictment on page 7, following paragraph 27 of the Indictment on

page 8, following paragraph 29 of the Indictment on page 8, and following paragraph 36 of the

Indictment on page 10.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


By:    _____
JONATHAN R. BARR
D.C. Bar No.  437334
Assistant United States Attorney
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5241
Washington, D.C. 20530
(202) 514-9620
Jonathan.Barr2@usdoj.gov