

U.S. Department of Justice

United States Attorney

District of Columbia

**FILED**

JAN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

December 15, 2005

Lara G. Quint, Esq.
625 Indiana Ave., NW, Suite 550
Washington, D.C. 20004

        Re:    William K. Shanklin, III
                CR 05-303

Dear Ms. Quint:

      This letter sets forth the full and complete plea offer to your client, Mr. William K. Shanklin, III. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire at the close of business on December 16, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    **Charges:** Mr. Shanklin agrees to plead guilty to Count Three of the superseding indictment charging a violation of Title 22, District of Columbia Code, Sections 3811 and 3812(a) (currently Sections 3211 and 3212(a))(theft in the first degree). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Shanklin and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Shanklin agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Shanklin's actions and involvement in the offense of first degree theft. It is anticipated that contemporaneous with the execution of this plea letter, Mr. Shanklin will adopt and sign the Statement of the Offense as a written proffer of evidence.

      The government will move to dismiss Counts One, Two, Four, Five and Six of the Indictment at sentencing. Mr. Shanklin agrees that the counts to be dismissed at the time of sentencing were based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and thus, specifically agrees not to file any claim under that law.

      2.    **Potential penalties, assessments, and restitution:** Mr. Shanklin understands that the maximum sentence that can be imposed for a violation of Title 22, D.C. Code, Sections 3811 and 3812(a) is ten (10) years of imprisonment, a fine of $5,000 or three (3) times the value of the property obtained, a special assessment of between $50 and $250, a term of supervised release, an

order of restitution in the amount of $42,200, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Mr. Shanklin understands that his sentence will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Shanklin understands that the Court may utilize the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines in imposing the sentence in this case.

3.  **Financial Arrangements:** Mr. Shanklin agrees that, on the date of his sentencing, or as soon as possible, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check to cover the special assessment required in Title 4, District of Columbia Code, Section 516.

4.  **Reservation of Allocution:** Except as set forth in paragraph 9, the government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Shanklin's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

5.  **Disclosures for Presentence Investigation:** The Government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

6.  **Defense of Court's Sentencing Decisions:** If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

7.  **Statute of Limitations Waiver:** Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Shanklin knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

8.  **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea

discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Mr. Shanklin expressly warrants that he has discussed these rules with his counsel and understands them. Mr. Shanklin voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Mr. Shanklin understands and agrees that any statements he makes in the course of his guilty plea or in connection with this plea agreement are admissible against him for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

9. **Government Concessions:** In exchange for his guilty plea, the Government agrees not to oppose Mr. Shanklin's release pending sentencing and agrees not to oppose a sentence of 12 months imprisonment provided that Mr. Shanklin continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court.

10. **Breach of Agreement:** Mr. Shanklin agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the Government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Shanklin's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increased sentence -- examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court -- the Government is free under this agreement to seek an increase based on that post-agreement conduct); (b) Mr. Shanklin will not have the right to withdraw the guilty plea; (c) Mr. Shanklin shall be fully subject to criminal prosecution for any other crimes he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Government will be free to use against Mr. Shanklin, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

11. **USAO's Criminal Division, ~~DC Office of Attorney General, and DOJ Tax Division Bound~~:** Mr. Shanklin understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia,. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office; nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, civil tax, administrative, or other non-criminal claim pending or that may be brought in the future against Mr. Shanklin.

12. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein.

Nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Shanklin, Mr. Shanklin's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Shanklin may indicate his assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Mr. Shanklin and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
JONATHAN R. BARR
Assistant United States Attorney

I have read this plea agreement, consisting of four pages, and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/13/05

William K. Shanklin, III
Defendant

I have read each of the four pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/13/06

Lara G. Quint, Esquire
Attorney for the Defendant