UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA      :
                              :   Criminal No.: 05-303 (RBW)
                              :
        v.                    :
                              :
WILLIAM K. SHANKLIN, III      :
(AKA WILLIAM K. SHANKLIN)     :
                              :
        Defendant.            :

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States and defendant WILLIAM K. SHANKLIN, III, agree and stipulate as follows:

During the period November 1998 through July 14, 2000, defendant WILLIAM K. SHANKLIN, III, was a resident of the District of Columbia, who was licensed by the National Association of Securities Dealers as a registered representative (i.e., securities broker). American Express Financial Advisors ("American Express") engaged defendant SHANKLIN to serve as a registered representative and securities broker at its branch office in Bethasda, Maryland.

American Express did not authorize defendant SHANKLIN to negotiate, endorse or deposit checks made payable to American Express or American Express Financial Advisors. American Express required defendant SHANKLIN, to forward said checks to American Express.

As a licensed registered representative and securities broker, defendant SHANKLIN owed fiduciary duties of trust and loyalty to his customers. Defendant SHANKLIN's fiduciary duties to his customers included among others: the duty to deal with his customers fairly and honestly; the duty not to act contrary to the interests of his customers; the duty not to convert his customer's funds to his own benefit; the duty not to commingle customer funds with his own

personal funds; and the duty to follow customer instructions concerning the disposition of funds entrusted to his care. Similarly, defendant SHANKLIN owed fiduciary and other duties of trust and loyalty to his employer American Express. These duties included among others: the duty not to commingle funds provided by customers of American Express for deposit into an American Express account with his own personal funds; the duty not to deposit checks made to the order of American Express or American Express Financial Advisors into his personal bank account; and the duty not to convert to his own benefit the funds of customers of American Express.

In or about January 1999, Maryland resident JBH established an account at American Express and became a client and customer of defendant SHANKLIN. Defendant SHANKLIN, owed the fiduciary duties of loyalty and trust discussed above to his client and customer JBH.

On or about July 21, 1999, defendant WILLIAM K. SHANKLIN, III, visited JBH at Providence Hospital in the District of Columbia, where JBH was recuperating from the birth of her son. During this visit, defendant SHANKLIN solicited JBH to invest additional funds with American Express. In response to defendant SHANKLIN's solicitation of an additional investment, JBH provided defendant SHANKLIN with check number 1910 in the amount of $10,000 paid to the order of American Express for the purpose of establishing a new investment account at American Express. JBH instructed defendant SHANKLIN to establish a new investment account at American Express for her, and to deposit the $10,000 check number 1910 into that American Express investment account. JBH did not authorize defendant SHANKLIN to deposit check number 1910 into an account in defendant SHANKLIN's name at Citibank, FSB.

In violation of his fiduciary duties to JBH and American Express, and in contravention to the instructions he had received from JBH and American Express, on or about August 12, 1999,

defendant SHANKLIN deposited JBH's check number 1910 in the amount of $10,000 into defendant SHANKLIN's personal bank account at a branch of Citibank, FSB, located within the District of Columbia, and did convert JBH's 10,000 to his own use and benefit and did deprive JBH of a right and benefit of the $10,000. Thereafter, defendant SHANKLIN periodically spoke to JBH and falsely assured her that her $10,000 investment was earning significant returns even though defendant SHANKLIN knew he had converted the $10,000 to his own benefit. Defendant SHANKLIN never repaid JBH for the $10,000 he converted to his own benefit.

Defendant SHANKLIN did similarly convert to his own benefit $32,200 of client funds entrusted to him by other American Express clients for deposit into their American Express accounts.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia
D.C. Bar No. 451058

By: *[signature]*

JONATHAN R. BARR
Assistant United States Attorney
D.C. Bar No. 437334
555 4th Street, N.W., Room 5241
Washington, DC 20530
Phone: (202) 514-9620
Fax:   (202) 307-2304

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11 and 28 U.S.C. § 1746, after consulting with my attorney, Lara G. Quint, I agree and stipulate to this Statement of Offense, and admit and declare under penalties of perjury that the facts recited

3

within this Statement of Offense are true and correct.

Date: 1/13/06

_____
William K. Shanklin, III
Defendant

I have discussed this Statement of Offense with my client, William K. Shanklin, III. I concur with his decision to stipulate to this Statement of Offense.

Date: 1/13/06

_____
Lara G. Quint, Esquire
Attorney for the Defendant