UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 05-303 (RBW) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM K. SHANKLIN, III | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein and in accordance with its obligations under the plea agreement, including its agreement not to oppose a sentence of 12 months imprisonment, the Government recommends that defendant be sentenced to a term of imprisonment of four to twelve months, that execution of all but three months of the sentence of incarceration be suspended, and that five years of probation be imposed. The Government further requests that defendant be ordered to pay restitution in the amount of $42,200 to Ameriprise Financial, Inc., and that a condition of probation be imposed requiring defendant to give up any securities brokerage license he holds and prohibiting defendant from serving as a securities broker. The suspension of the execution of all but three months of the sentence, combined with the imposition of probation will allow supervision of the defendant for a reasonable time period to assure payment of restitution to the victim Ameriprise Financial.

I.   **Because defendant's offense of conviction occurred on August 12, 1999, an indeterminate sentence is required.**

The defendant pled guilty to Count Three of the Indictment which charges a first degree theft that occurred on August 12, 1999, in violation of 22 D.C. Code, Sections 3811 and 3812. As a result, the indeterminate sentencing system in place for offenses committed prior to August 5, 2000, applies to the defendant's offense. *See*, 24 D.C. Code §§ 403 and 403.01 (formerly 24 D.C. Code §§ 203 and 203.01). Pursuant to 24 D.C. Code § 403 (formerly 24 D.C. Code § 203), under this sentencing regime, the Court shall sentence the defendant "for a maximum period not exceeding the maximum fixed by law, and for a minimum period not exceeding one third of the maximum sentence imposed. . ." The United States agreed in the plea agreement not to oppose a sentence of twelve months imprisonment. Accordingly, under the plea agreement, the United States has in effect agreed not to oppose an indeterminate sentence of four to twelve months imprisonment.

II.  **District of Columbia Voluntary Guidelines Offense Severity is Severity Group Eight.**

The PSR has correctly calculated the District of Columbia Voluntary Guidelines ("D.C. Guidelines") for the defendant's offense. *See* PSR ¶ 19. Defendant's offense of first degree theft falls within offense severity group 8 of the D.C. Guidelines. In addition, defendant has a criminal history score of "A" under the D.C. Guidelines. The guideline range for a Master Grid Group 8 offense and a Criminal History Score "A" is 6 to 24 months of imprisonment, though the imprisonment range does not necessarily suggest that an imprisonment sentence is recommended by the voluntary guidelines.

**III.    The U.S. Sentencing Guidelines are not applicable.**

Because the defendant pled guilty to a D.C. Code violation, the Court is not required to consider the U.S. Sentencing Guidelines in imposing sentence upon the defendant.  However, the United States agrees that the PSR correctly calculated the U.S. Sentencing Guidelines that would have applied had the defendant been found guilty of the federal bank fraud counts that were charged in the Superceding Indictment.  *See,* ¶ 43. As set forth in the PSR, had the defendant been convicted of the bank fraud in the Superceding Indictment, the defendant would have had a total offense level of 15 (base offense level of 7, plus 6 for loss > than $30,000, plus two for abuse of trust) minus two levels for acceptance of responsibility yielding an adjusted offense level of 13.  An adjusted offense level of 13 and a Criminal History Category of I would have produced a sentencing guideline range of 12 to 18 months.

**IV.    The Sentencing Recommendation of the United States**

In sentencing defendants for federal violations, Federal Courts are required to consider the U.S. Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a)(2), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to accomplish the following sentencing objectives:  (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical care.  Because defendant Shanklin is being sentenced for a D.C. Code violation rather than a federal violation, the Court is not required to consider the U.S. Sentencing Guidelines, but should consider the voluntary D.C. Guidelines to promote uniformity in sentencing and avoid unwarranted sentencing disparities.  It is certainly

still appropriate to consider the factors set forth in 18 U.S.C. § 3553(a)(2) in fashioning an appropriate sentence.

In this case, defendant's criminal conduct in converting to his own benefit $42,200 of funds his clients entrusted to him to deposit into American Express investment accounts is serious. Defendant, a licensed securities broker at the time of the offense, was well aware of the duties of trust and loyalty he owed to his clients and to his employer American Express Financial Advisors. Notwithstanding his understanding of the duties of trust and loyalty he owed to his clients, the defendant stole $42,200 of the hard earned money his clients entrusted to his care. Sadly, one of the clients whose funds he converted to his own benefit was the mother of his own daughter.[1] The gravity of the defendant's offense is significantly heightened by the fact that in stealing his clients' money, the defendant abused the trust his clients placed in him to act in their interests, and violated the special duties of trust and loyalty that exist between a securities broker and the broker's clients. A broker who steals from his clients undermines the public's confidence in our securities markets and financial system.

Although defendant's criminal conduct was very serious, the government recognizes that the defendant, who is forty-five years of age and has three children, has no prior criminal convictions. In addition, after he was indicted, the defendant very quickly took responsibility for his actions, and pled guilty to Count Three of the Indictment. The defendant also appears to have taken his criminal conduct very seriously.

---

[1] According to ¶ 25 of the PSR, defendant is approximately $1,200 in arrears on his child support obligation for this child. On April 28, 2006, the defendant's former client LH reported to the Government that she believed defendant was approximately $1615 in arrears on his child support payments, and that he had not attended the last hearing scheduled in the matter.

In formulating its sentencing recommendation the Government has carefully weighed all of the aforementioned factors, and is mindful of the promise it made in the plea agreement not to oppose a disposition of 12 months incarceration. The Government is also sensitive to the fact that American Express Financial Advisors (now Ameriprise Financial, Inc.) made Mr. Shanklin's clients whole, and should receive restitution for Mr. Shanklin's theft of $42,200 in client funds. Restitution is more likely to be paid if the defendant remains under some supervision following any sentence of incarceration the Court may impose.

Accordingly, the United States recommends that the defendant be sentenced to a term of imprisonment of four to twelve months, that execution of all but three months of the sentence of incarceration be suspended, and that five years of probation be imposed. The Government further requests that defendant be ordered to pay restitution in the amount of $42,200 to Ameriprise Financial, Inc., and that a condition of probation be imposed requiring defendant to give up any securities brokerage license he holds and prohibiting defendant from serving as a securities broker. The suspension of the execution of all but three months of the sentence, combined with the imposition of probation will allow supervision of the defendant for a reasonable time period to assure payment of restitution to the victim Ameriprise.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY

        _____
        JONATHAN R. BARR
        ASSISTANT UNITED STATES ATTORNEY
        Bar No. 437334
        555 4th Street, N.W., Room 5241
        Washington, DC 20530
        (202) 514-9620

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 28th day of April 2006, I caused a copy of the foregoing Government's Memorandum in Aid of Sentencing to be served by first-class mail, postage prepaid, and by facsimile upon defense counsel Lara G. Quint, Esq., 625 Indiana Avenue, NW, Suite 550, Washington, D.C. 20004, facsimile number (202) 208-7515, and Probation Officer George Neal at fax number (202) 273-0242.

        _____
        JONATHAN R. BARR
        ASSISTANT UNITED STATES ATTORNEY