**HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
MAY 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Docket No.: 1:05CR00303-001** |
| | : | |
| **vs.** | : | **SSN:** ____________ |
| | : | |
| **SHANKLIN III, William** | : | **Disclosure Date: March 31, 2006** |

**RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT**

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

[signature] 4/14/06
**Prosecuting Attorney** **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

**Defendant** **Date** **Defense Counsel** **Date**

**NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM**

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **April 14, 2006**, to U.S. Probation Officer **George Neal**, telephone number **(202) 565-1357**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

**By:** Richard A. Houck, Jr., Chief
United States Probation Officer

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 14, 2006

VIA FACSIMILE
(202) 273-0242

Probation Officer George Neal
United States Probation Office
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave., NW
Washington, D.C.

Re: Receipt and Acknowledgment of Presentence Investigation Report for William K. Shanklin, III, CR-05-303-001

Dear Mr. Neal,

I have received and reviewed the Presentence Investigation Report for defendant William K. Shanklin, III, prepared by your office and would like to bring to your attention the following typographical corrections and additional facts that may affect your report to the Court. While we have deemed some of the changes outlined herein as "material," your office may arrive at a different conclusion regarding their materiality. Regardless, it is our position that these are matters that need to be brought to your prompt attention, including:

On page 3 of the report at ¶ 3, the report should read that the defendant pled guilty to Count Three. In addition, on the fifth line of ¶ 3, the "and" appears to be a typographical error.

On page 5 of the report at ¶ 13, the report states that defendant Shanklin did similarly convert to his own benefit an additional $42,200 of client funds. . . ." The evidence collected in the investigation shows that Shanklin converted to his benefit in total $42,200 of his clients' funds. Accordingly, ¶ 13 of the report should read that, defendant Shanklin did similarly convert to his own benefit an additional $32,200 of client funds entrusted to him by other American Express clients for deposit into their American Express accounts.

On page 6 of the report at ¶ 25, the name of Kai Alexis Shanklin's mother should read, "Lyn A. Hopkinson." In addition, evidence collected during the investigation reveals that Lyn A. Hopkinson was one of the victims of defendant Shanklin's criminal conduct whose loss amount is reflected in the $42,200 loss/restitution amount set forth in ¶ 13 of the Report. Evidence

collected during the investigation reflects that during 1999 and 2000, Ms. Hopkinson was a client of defendant Shanklin and American Express. Ms. Hopkinson entrusted Mr. Shanklin with $3,200 which she instructed him to deposit into her American Express investment account. The $3,200 was comprised of a check for $1,200 and a check for $2,000. Defendant Shanklin converted the $3,200 to his own benefit. Attached hereto as Exhibit A is a letter from Ms. Hopkinson to Carol Rostad of American Express detailing her complaint against Mr. Shanklin relating to the $3,200 conversion. I believe the Report should reflect that Ms. Hopkinson is a victim of defendant Shanklin's crime.

On page 6 of the report at ¶ 25, the report states that Mr. Shanklin is currently $1,200 in arrears on his child support obligation to his daughter Kai Alexis Shanklin. However, on page 8 of the report at ¶ 40, the report states that Mr. Shanklin currently owes approximately $1,500 in delinquent child support. It appears that one of these paragraphs contains a typographical error.

On page 8 of the report at ¶ 32, the report states that at the time of the instant offense the defendant was unemployed. However, Mr. Shanklin was employed by American Express at the time of the instant offense.

On page 9 of the report at ¶ 43, the report discusses an estimate of the United States Sentencing Guidelines had Mr. Shanklin pled guilty to a bank fraud count. I believe that the Sentencing Guidelines total offense level would have been 15 (base level offense of 7 plus 6 for loss > $30,000 plus 2 for abuse of trust) minus 2 levels for acceptance of responsibility yielding an adjusted offense level of 13. A level 13 would have produced a sentencing guideline range of 12 to 18 months.

I thank you and your office for compiling the Presentence Investigation Report and for the opportunity to review the Report. I am forwarding a copy of this letter to Mr. Shanklin's lawyer Lara G. Quint, Esq. Please don't hesitate to contact me at (202) 514-9620 if you have any questions or need additional information.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

By: [signature]
JONATHAN R. BARR
Assistant United States Attorney

cc: Lara G. Quint, Esq.
(202) 208-7515

# EXHIBIT A

Lyn Hopkinson
2803 17 th Street, NE
Washington, DC 20018
Date July 15, 2001

ATTN: Ms. Carol Rostad
50031 AXP Financial Center
Minneapolis, Minnesota 55474

Dear Ms. Rostad,
This correspondence is in relevance to our conversation regarding finances that were entrusted to Kevin Shanklin III for investment purposes. I invested $2000.00 for a Roth IRA in October 9, 1999 (cheque # 1327) with Kevin. This account was in the name of AEFA.

I had met Kevin Shanklin after he was introduced to me by Jenise Byrd, who I knew most of my Nursing career, and who recommended him as a great investor. When I opened the account Kevin and I had no romantic intentions or involvement. In December of 1999, we became romantically involved and I repeatedly told Kevin that business and pleasure are two different aspects of our relationship.

December 15, 1999, I entrusted $1200.00 for Kevin to invest in the purchase of stocks. I never received a statement on the money growth. That cheque is #1353. It was time again for me to invest in my IRA and I wrote a cheque for $2000.00 and gave to Kevin to invest. The date of this cheque is 04/27/00. I did not see the money appear on my next statement and I questioned Kevin where could it be and why was the money not in my account?. He stated that he will call Headquarters and talk with them to resolve this issue.

On many, many occasions I have spoken to Kevin to get my money into my account. One day I saw a statement of Kevin's that reflected an entry of $2000.00 in the month of April. He denied same and at that time of confrontation I did not have the statement in front of me. Sometime afterwards, I found out accidentally that Kevin was no longer with AXP, and continually asked for my money and he would say that he will have the matter resolved before he left office. He continued to lie and by that time I was pregnant with our child and tried to resolve the matter with him on an individual basis.He tells me that his accounts are frozen and is unable to give my money.

I requesting of you, Ms. Rostad, to help me resolve this matter as soon as possible. Enclosed are copies of the cheques. Please call me at anytime at (202) 832 - 9875. I am sad to do this because a child is involved, also there is $3200.00 involved and part of that can go towards an education fund for her future.

Sincerely,
Lyn Hopkinson
Lyn Hopkinson

Lyn Hopkinson
Ph. 202-832-8676
2803 - 17th St., N.E.
Washington, D.C. 20018

6 90-0601 6 98 1434

000437111

Date 06-06-00

Pay to the order of [illegible] 0425 01 $2000.00

Two Thousand 00/xx Dollars

NIH FEDERAL CREDIT UNION
BETHESDA, MD 20892

Memo IRA

Lyn Hopkinson

⑆255076944⑆ 000437111 8⑈ 1434 ⑈0000200000⑈

13 I021 90501421 060700 010010112 =84

00410000 RCPC
280047223 0520-0027-8
280047223 06-08-00

(202) 857-
7530731

1453 Joe

Lyn Hopkinson
Ph. 202-[illegible]-8676
2803 - 17th St. N.E.
Washington, D.C. 20018

21 152-121799 21 152

65-7594
2550
000437118

1353

Date 12/15/99

Pay to the order of KEVIN SHANKLIN $ 1,200.00

270461283 004 0372 0411 01

Twelve hundred 00/xx Dollars

NIH FEDERAL CREDIT UNION
BETHESDA, MD 20892

Memo FOR MUTAL FUND.

Lyn Hopkinson

⑆255076944⑆ 000437118⑈ 1353 ⑈0000120000⑈